NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SHELBY MANUFACTURING COM-
PANY, Respondent.

No. 17569.

United States Court of Appeals
Sixth Circuit.

March 7, 1968.

Howard B. Shore, N.L.R.B., Washing-
ton, D. C., (Arnold Ordman, Gen. Counsel,
Dominick L. Manoli, Associate Gen.
Counsel, Marcel Mallet-Prevost, Asst.
Gen. Counsel, Paul J. Spielberg, Atty.,
N.L.R.B., Washington, D. C., on the
brief), for petitioner.

Arthur R. Donovan, Evansville, Ind.,
(Arthur R. Donovan, Harry P. Dees,
Joseph A. Yocum, Evansville, Ind., on the
brief), for respondent; Kahn, Dees,
Donovan & Kahn, Evansville, Ind., of
counsel.

Before WEICK, Chief Judge, PHIL-
LIPS and CELEBREZZE, Circuit
Judges.

PER CURIAM.

The Board, in agreement with the trial
examiner, found that the company vio-
lated Sections 8(a) (1) and 8(a) (3) of
the National Labor Relations Act as
amended.[1] The violations consisted of
coercive interrogating of employees dur-
ing an organizing campaign, enforcing
unlawful no-solicitation and no-distribu-
tion rules, granting a wage increase
because employees voted against the

1. 29 U.S.C. § 151 et seq.

union, and suspending employees for wearing union insignia in the plant.

The Board further found, in disagreement with the trial examiner, that the company violated Section 8(a) (5) of the Act by refusing to bargain with the union. The Board also discredited a witness whose testimony was credited by the examiner. 155 NLRB 464.

■ We are of the opinion that substantial evidence supports the Board's findings and order affirming the examiner as to the Section 8(a) (1) and 8(a) (3) violations, and that the Board's order with respect thereto should be enforced.

The Board's findings with respect to the Section 8(a) (5) violation, in our judgment, are not supported by substantial evidence when the record is viewed as a whole. The authorization cards had two faces. One face contained an authorization for representation with a line for signature. Underneath the signature line were the words "This card is for use in support of the demand of UAW-AFL-CIO for recognition, or for an NLRB election." The other face contained in large, bold faced type, the words "SECRET BALLOT ELECTION", and underneath, in smaller type were the words, "This card will be filed with the National Labor Relations Board to secure a secret ballot election conducted by representatives of the United States Government." Under that statement, in large, bold face type, were the words, "THIS CARD IS CONFIDENTIAL." In our opinion these cards were ambiguous. They were calculated to and did indicate a purpose to secure an election. This is all the more clear from evidence that the card solicitors did in fact represent to a number of employees that their purpose was to secure an election. The examiner in his decision stated:

"Several witnesses testified that the talk all over the plant during the campaign was about having an election."

■ Under these circumstances the examiner was correct in ruling that the cards cannot be relied upon to support the bargaining order. NLRB v. Swan Super

Cleaners, 384 F.2d 609 (6th Cir. 1967); Dayco Corp. v. NLRB, 382 F.2d 577 (6th Cir. 1967); Peoples Serv. Drug Stores Inc. v. NLRB, 375 F.2d 551 (6th Cir. 1967); Pizza Prod. Corp. v. NLRB, 369 F.2d 431 (6th Cir. 1966). This case is readily distinguishable on its facts from NLRB v. Cumberland Shoe Corp., 351 F.2d 917 (6th Cir. 1965); NLRB v. Winn-Dixie Stores, Inc., 341 F.2d 750 (6th Cir. 1965), cert. denied, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74.

Moreover, the evidence disclosed that the company had a good faith doubt that the union had a majority.

The Board's order with respect to Section 8(a) (1) and 8(a) (3) violations is enforced. Enforcement is denied with respect to the Section 8(a) (5) bargaining order.